# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTOPHER R. HEARING § | |
| § | Civil Action No. 4:17-CV-242 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| COMMISSIONER, S.S.A. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 18, 2018, the report of the Magistrate Judge was entered containing proposed findings of facts and recommendations that the Commissioner's decision be affirmed. Having received the report and recommendation of the Magistrate Judge (Dkt. #10), having considered Plaintiff's timely-filed objections (Dkt. #11) and having conducted a de novo review of Plaintiff's claims and all relevant pleadings, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct; and the Court hereby adopts the Magistrate Judge's report as the findings and conclusions of the Court.

## BACKGROUND

The facts in this case have been set forth in detail by the Magistrate Judge and need not be duplicated in their entirety herein (*see* Dkt. #10). In summary, on February 28, 2012, Plaintiff filed an application for Social Security disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). Plaintiff alleged on onset of disability date of February 2, 2008, and the following impairment: chronic, daily neck pain.

Plaintiff's claim was denied initially by notice on July 26, 2012, and upon reconsideration on January 18, 2013. A hearing was held before an Administrative Law Judge ("ALJ") on September 26, 2013. On November 7, 2013, the ALJ issued a decision denying Plaintiff's application. On November 25, 2013, Plaintiff requested review of the ALJ's decision by the Appeals Council. The Appeals Council remanded the decision on December 18, 2014. On August 26, 2015, a second hearing was held. On February 2, 2016, the ALJ issued a decision again denying Plaintiff's application for benefits (TR 21-45). The ALJ found that Plaintiff had severe impairments of cervical disc disease status post fusion from C5 to C7 in 2003 and re-injury in 2009. The ALJ also found that Plaintiff's emergency treatment records reflected a pattern of "overuse of narcotic pain medications." On February 9, 2017, the Appeals Council ultimately denied Plaintiff's request for review. On April 10, 2017, Plaintiff filed his Complaint (Dkt. #1). On July 18, 2018, the Magistrate Judge issued a report and recommendation (Dkt. #10). On August 1, 2018, Plaintiff filed his Objections to the Magistrate Judge's report and recommendation (Dkt. #11).

**PLAINTIFF'S OBJECTIONS**

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects to the Magistrate Judge's recommended findings that: (1) the ALJ properly weighed the medical opinion evidence, and (2) the ALJ's credibility analysis was sufficient.

*Consideration of Treating/ Examining Physician Opinions*

"[A] treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory

diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). The six factors (hereinafter, the "relevant factors") that must be considered by the ALJ before giving less than controlling weight to the opinion of a treating source are: (1) the length of treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) the support of the source's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the source. 20 C.F.R. § 404.1527(c); *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

Plaintiff objects that "it is not clear how any of the relevant factors support rejecting the treating medical source opinions" (Dkt. #11 at pp. 2–3). Specifically, Plaintiff asserts that treating physicians, Drs. Borecky and Keelen's opinions are supported by objective medical evidence including MRI and CT scans, clinical examinations, and treatment notes (Dkt. #11 at p. 2), whereas the ALJ's finding that "Dr. Borecky's and Dr. Keelen's assessments seem extreme when considering essentially normal physical examinations performed" is unsupported by any medical authority (Dkt. #11 at p. 3). Plaintiff further concludes that as a result, the ALJ improperly "played doctor" (Dkt. #11 at pp. 4–5).

Regarding the ALJ's consideration of Drs. Borecky and Keelen's opinions, the Magistrate Judge found that the ALJ properly considered all relevant factors and noted that the ALJ primarily focused on factors four and five, supportability and consistency, in rejecting these opinions (Dkt. #10 at pp. 18–19). Specifically, the Report and Recommendation outlines:

> In considering the supportability and consistency of each treating physician, the ALJ opined that the opinions "seem extreme when considering the essentially normal physical examinations performed" and noted that his self-reported daily activities were not consistent with the limitations espoused by Drs. Borecky and Keelen [TR 41, 39-42]. The ALJ went on at length to detail medical records and testimony which reflected controlling weight should not be assigned to

> Drs. Borecky and Keelen. Specifically, the ALJ's opinion outlines "the lack of objective findings to support the limitations alleged by the claimant, essentially normal physical examinations showing no motor or sensory deficits, the claimant's activities of daily living and the inconstancies in the record" that bolstered his determination that Drs. Borecky and Keelen's opinions were primarily based on Plaintiff's self-reported physical limitations [TR 43, 39-43].
>
> ***
>
> In the instant case, the ALJ clearly found that Drs. Borecky and Keelen's opinions were not supported by substantial evidence and presented ample justification for this determination [TR 21-45].

(Dkt. #10 at pp. 18–19). Upon independent review of the ALJ's Determination and underlying record, it is evident that the ALJ properly considered the relevant factors and focused upon factors four and five in discounting Drs. Borecky and Keelen's opinions. *See Urrutia v. Colvin*, 3:15-CV-2421-D, 2016 WL 1161794, at *5 (N.D. Tex. Mar. 24, 2016); *see also Munoz v. Berryhill*, 7:16-CV-218, 2017 WL 8676545, at *17 (S.D. Tex. Nov. 14, 2017), *report and recommendation adopted,* CV M-16-218, 2018 WL 1523695 (S.D. Tex. Mar. 28, 2018). Indeed, as the Report and Recommendation points out, the ALJ's Determination throughout details numerous citations to the overall record that underscore the ALJ's findings that Drs. Borecky and Keelen's opinions are inconsistent with other parts of the record. *Gordon v. Comm'r of Soc. Sec. Admin.*, 4:09CV524, 2012 WL 254857, at *4 (E.D. Tex. Jan. 27, 2012) ("The opinion of a treating source is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record. And, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.") (citing *Spellman v. Shalala,* 1 F.3d 357, 364–65 (5th Cir. 1993)). The ALJ expressly enumerated that these opinions were based primarily upon Plaintiff's subjective complaints and conflicted with findings from both Plaintiff's physical examinations and daily activities that indicated Plaintiff was not as limited in his range of motion and/or activity as Plaintiff suggests (*see* TR 25-28, 31, 33-34, 36, 38, 39-40, 41). *See Quintanilla v. Colvin*, CIV.A. V-12-044,

2015 WL 5572872, at *9-10 (S.D. Tex. Sept. 22, 2015).[1]  Further, Plaintiff's argument that the ALJ improperly characterized certain medical examinations as "essentially normal", the Court notes that the ALJ explains such characterization with appropriate citations to the record (TR 38–39, 41, 43).  Additionally, as the ALJ points out, within the more recent record, Plaintiff demonstrates less severe impediments and restrictions, and Plaintiff's treatment is more conservative.[2]

To Plaintiff's point that the ALJ improperly played doctor by accepting certain medical findings and rejecting others that conflicted, the Report and Recommendation found:

> To the extent that Plaintiff argues the ALJ impermissibly "played doctor" by substituting her medical opinions for the physicians in the record, the Court, as discussed *infra*, does not find the ALJ impermissibly usurped the physicians' role herein, as she provided detailed reasoning grounded in medical evidence, in finding that the treating physicians' opinions should not be afforded controlling weight. *See Zimmer v. Colvin*, 4:14-CV-347-CAN, 2016 WL 310277, at *10 (E.D. Tex. Jan. 26, 2016) ("the ALJ noted that to the extent Dr. Amusa's testimony was not supported by Plaintiff's medical records, such testimony should not be given controlling weight . . . .").

(Dkt. #10 at n. 4).  "The ALJ has the ability to resolve conflicts in the medical evidence;" doing so does not constitute "playing doctor," as Plaintiff suggests. *Locke v. Massanari*, 285 F. Supp. 2d 784, 799 (S.D. Tex. 2001) (citing *Richardson v. Perales,* 402 U.S. 389, 399 (1971); *Jenkins v. Chater,* 76 F.3d 231, 233 (8th Cir. 1996)).  Plaintiff's objection is overruled.

---

[1] Because the Determination focuses on factors four and five in finding Drs. Borecky and Keelen's opinions should be rejected, the Court does not address whether characterizing Plaintiff's treatment as "conservative" was improper under factor three.

[2] In his Objection, Plaintiff makes this same observation: "Plaintiff's recent history is 'conservative'" (Dkt. #11 at p. 7).

Plaintiff next objects that Dr. Katkuri's opinion is supported by the record evidence, and therefore, the ALJ's "conclusory" contention that Dr. Katkuri's opinion was inconsistent with the record lacks sufficient explanation. In regards to the ALJ's consideration of Dr. Katkuri's opinion, the Report and Recommendation found:

> The ALJ explained her treatment of Dr. Katkuri's opinion was due to the conflict between Dr. Katkuri's objective findings and opinions, and Dr. Katkuri's substantial reliance on Plaintiff's subjective complaints. The ALJ thus gave a sufficient rationale and explanation for her decision not to afford Dr. Katkuri's opinion controlling weight. *See St. Clair v. Berryhill*, 4:16-CV-1100-A, 2017 WL 3332260, at *6 (N.D. Tex. July 19, 2017) (finding no error in the ALJ's explanation for declining to afford controlling weight to an examining physician: "Contrary to St. Clair's claims, the ALJ explained that he could not rely on Dr. Richards' opinions because they were vague, based on a single examination of St. Clair, and appeared to rely heavily on St. Clair's subjective reports."), *report and recommendation adopted sub nom. Clair v. Berryhill*, 4:16-CV-1100-A, 2017 WL 3316254 (N.D. Tex. Aug. 3, 2017).

(Dkt. #10 at pp. 20–21). In her Determination, the ALJ draws out the various inconsistencies between Dr. Katkuri's opinions related to Plaintiff's abilities and Dr. Katkuri's objective medical findings (i.e., normal gait, normal grip) (TR 42). Further, the ALJ delineates the inconsistencies between Dr. Katkuri's opinions regarding Plaintiff's limitations and Plaintiff's daily activities (TR 42). The ALJ found that instead of basing his opinion on the objective medical evidence, Dr. Katkuri focused on Plaintiff's subjective complaints as support. Accordingly, the undersigned finds, as the Magistrate Judge found, that the ALJ aptly explained why she discounted Dr. Katkuri's opinions. *See Alejandro v. Barnhart*, 291 F. Supp. 2d 497, n.4 (S.D. Tex. 2003) ("When a medical opinion is premised on self-reporting and is otherwise unsubstantiated by the record, an ALJ may properly disregard said opinion.") (collecting cases); *Weatherspoon v. Comm'r of Soc. Sec. Admin.*, 1:13CV158-DAS, 2014 WL 2611546, at *5 (N.D. Miss. June 11, 2014) (Because the ALJ found the plaintiff less than credible, the findings based on her subjective complaints were given little weight. After examining the

6

credibility determination, the court agrees with the ALJ and finds substantial evidence exists to discount Dr. Fouts' findings that were based on the plaintiff's subjective complaints"). Plaintiff's objection is overruled.

Plaintiff further objects that because the ALJ rejected Drs. Borecky, Keelen, and Katkuri's opinions, there is insubstantial evidence supporting the ALJ's RFC determination. Specifically, Plaintiff argues that "[t]he ALJ's RFC here did not include a narration of any specific medical facts or even persuasive non-medical evidence that supports the RFC determination for [Plaintiff]" and "[t]herefore, it is impossible to determine if the ALJ's RFC finding is supported by substantial evidence in the record as a whole" (Dkt. #11 at p. 9). In her Determination, after thoroughly detailing Plaintiff's medical history, the ALJ continues on, relying on Plaintiff's daily activities as well as other medical opinions and findings in the record, including those of State Agency Consultants Drs. London, Ludicke, Sohn, Caruso-Radin, Vaghaiwalla, who each considered and detailed Plaintiff's medical records (TR 42-43) in reaching her RFC finding. Specifically, Drs. Sohn and Vaghaiwalla both found Plaintiff was capable of medium work activity with frequent postural activities (TR 42–43). The ALJ found Plaintiff had the RFC to perform sedentary work with other restrictions, including no overhead reaching (TR 43). Plaintiff's objection is overruled. *Palmer v. Colvin*, 5:13-CV-190-C, 2014 WL 3855324, at *6 (N.D. Tex. Aug. 5, 2014) (finding ALJ's RFC determination was supported by substantial evidence where ALJ detailed plaintiff's medical history, discounted plaintiff's subjective complaints, and assessed a lower RFC than what the State Agency consultant suggested).

*Plaintiff's Credibility*

Plaintiff finally objects to the Magistrate Judge's finding that the ALJ's credibility determination was supported by substantial evidence (Dkt. #11 at p. 10). Plaintiff claims that the

7

ALJ "grossly mischaracterized the record by finding [Plaintiff's] activities of daily living, treatment history, and objective evidence contradicts [sic] a finding of disability" and specifically, that record evidence directly contradicts any finding that Plaintiff was a drug seeker.

The Magistrate Judge correctly stated, in evaluating the claimant's subjective evidence and credibility, the ALJ is required to follow a two-step process. *See Salgado v. Astrue,* 271 F. App'x 456, 458 (5th Cir. 2008); *see also Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7P, 1996 WL 374186, at *2 (S.S.A. July 2, 1996). First, the ALJ must determine whether there is an impairment that reasonably produces the symptoms of which the claimant complains ("Step 1"). *Salgado,* 271 F. App'x at 458; *see also Stevenson v. Colvin*, No. 1:11-cv-168, 2013 WL 1181456, at *3-4 (E.D. Tex. Mar. 20, 2013). If the ALJ finds no impairment, the claimant is not disabled. *Salgado,* 271 F. App'x at 458. If the ALJ identifies an impairment, the ALJ then considers the claimant's statements regarding their symptoms and the remaining evidence in the record to determine the strength of the symptoms and how the symptoms affect the claimant's ability to do basic work ("Step 2"). *Stevenson*, 2013 WL 1181456, at *3. Furthermore, the ALJ must consider the claimant's subjective complaints and allegations regarding their capacity to do work but may find that those complaints are not credible or are exaggerated in light of the medical evidence. *See Wilson*, 2014 WL 5343200, at *7. Notable herein, the Fifth Circuit affords the ALJ greater deference than other circuits in making this credibility assessment. *Prince v. Barnhart*, 418 F.Supp.2d 863, 870-71 (E.D. Tex. 2005); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994).

Here, the ALJ determined at Step 1 that Plaintiff has medically determinable impairments, which could reasonably be expected to cause the alleged symptoms. However, at Step 2, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his

symptoms were not entirely credible. To his health care providers, Plaintiff regularly reported pain at levels between 7 and 10 (*see e.g.,* TR 501, 508). The ALJ declined to fashion an RFC finding that fully adopted Plaintiff's reported pain levels, noting specific evidence of drug-seeking behavior. See Pratt v. Barnhart, 158 Fed. App'x 643, 645 (5th Cir. 2005) (evidence of drug-seeking behavior undermines a claimant's credibility on the extent of his pain).

The Magistrate Judge ultimately found that the ALJ's credibility determination was supported by the record, noting that the ALJ compared Plaintiff's testimony concerning his impairments and the impact of his pain on his ability to work to the objective medical findings in the record, his history of medical treatment, and his activities of daily living. *Palmer v. Colvin*, 5:13-CV-190-C, 2014 WL 3855324, at *6 (N.D. Tex. Aug. 5, 2014) (citing *Reyes v. Sullivan,* 915 F.2d 151, 155 (5th Cir. 1990) (noting inconsistencies between the claimant's testimony regarding his limitations and his reported daily activities were a relevant consideration in the evaluation of his credibility)). The Magistrate Judge cited specific instances where the ALJ supported his credibility determination with substantial evidence that a reasonable mind might accept as adequate to support the conclusion that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms are not credible. Plaintiff's objection is overruled.

## CONCLUSION

Having received the report of the Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #11), and having conducted a de novo review of Plaintiff's claims and all relevant pleadings, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #10) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**SIGNED this 24th day of September, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE